Faye Brady O'NAN (Now Easley),
Appellant,

v.

M. T. O'NAN, Appellee.

Court of Appeals of Kentucky.

Feb. 17, 1961.

As Modified on Denial of Rehearing
May 5, 1961.

John A. Fulton, Woodward, Hobson &
Fulton, Louisville, Robert Spragens, Lebanon, for appellant.

Michael Clare, Clare & Scent, Louisville,
John Y. Brown, Lexington, for appellee.

CULLEN, Commissioner.

A property settlement agreement entered
into between M. T. O'Nan and his wife
at the time of their divorce contained provisions with reference to the payment of
income tax deficiencies then being claimed
by the federal and state governments. Subsequently Mr. O'Nan paid the deficiencies,
which including penalties and interest
amounted to over $69,000. He then brought
this action against Mrs. O'Nan seeking to
recover some $12,000 alleged to be the portion of the deficiencies that she was obligated to reimburse to him under the terms
of the property settlement agreement. Upon a trial without jury judgment was entered in favor of Mr. O'Nan for $12,371.82,
plus interest. Mrs. O'Nan appeals.

The pertinent provisions of the property
settlement agreement are:

"8. It is understood and agreed by
the parties that the Treasury Department of the United States is now engaged and has been for some time engaged in making an audit of the income of the parties. As a part of the
consideration of this agreement, the
Second Party, M. T. O'Nan, for himself, his heirs and assigns, covenants
and agrees that in the event said investigation or audit should result in the
assessment of an income tax deficiency

against either or both of the parties hereto, he will pay and satisfy said deficiency, including all taxes, penalty and interest of every type, both Federal and State, except any deficiency which might be assessed against plaintiff, Faye O'Nan, individually, by reason of her failure to report as income any funds received by her arising out of any business ventures or transactions engaged in by her with any party other than the defendant, M. T. O'Nan.

"Defendant, M. T. O'Nan, further covenants and agrees that he shall pay all expenses incurred in connection with said audit and settlement, and the plaintiff, Faye O'Nan agrees that she will cooperate with the defendant in the defense of any claims made for any income tax deficiency and will sign any necessary waivers or instruments for the purpose of effecting settlement of such claim or claims".

The years for which the income tax deficiencies were asserted were 1951, 1952, 1953 and 1954. During these years the O'Nans had filed joint returns reporting a total income of some $28,000. The assessment of deficiencies by the federal government was on the basis of an estimated amount of almost $108,000 of unreported joint income for these years.

The problem arises out of the fact that the deficiencies were determined on the *net worth* method. The assessment showing the increases in net worth made no attempt to identify separate income of the husband and wife. The only effort at separate identification was with respect to ownership of the various properties shown in the assessment statement, and this was done merely by marking with a "W" the items of property in the wife's name. These items showed an increase in value of property in the wife's name of approximately $20,-000.

■ The basic theory upon which Mr. O'Nan based his right of recovery against his former wife was that the net worth statement constituted proof that the amount of the increase in value of property in her name as shown on the statement represented unreported income attributable to her. This theory simply is not tenable, because the net worth statement shows only an increase in *assets* and standing alone, without separate proof of likely sources of income or a negation of possible nontaxable sources, is no proof that the increase resulted from taxable income. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150. The increase could have been due to gifts, and in fact there was evidence that during the years in question Mrs. O'Nan had received $19,000 in gifts from her husband. Furthermore, the net worth statement could not constitute evidence that income received by Mrs. O'Nan was from separate business ventures, which under the contract would have to be proved.

Mr. O'Nan did make some effort to prove certain income receipts by Mrs. O'Nan during the years in question, and did show by reasonably satisfactory evidence that she had received some $6,000 from sales of tobacco at a warehouse operated by him, and some money from rental of property. But he did not prove that this income was not reported (the income tax returns for the years in question were not offered in evidence).

■ In effect, Mr. O'Nan would have us construe the property settlement agreement as meaning that if the income tax deficiencies should be determined on a net worth basis, Mrs. O'Nan would pay a proportionate amount of the tax deficiencies in such proportion as her increase in net worth bore to the total increase in net worth of the two jointly. The trouble is that the agreement does not say that. It obligates the wife to pay only deficiencies assessed by reason of her failure to report income from separate business ventures. While there was proof that she had some income from separate ventures there was no proof that it was not reported.

It may be that the contract imposes an impossible burden on Mr. O'Nan as to proof. But that does not constitute a reason for us to rewrite the contract.

It is our opinion that there was a failure of proof to support the claim.

The judgment is reversed with directions to enter judgment for the defendant.